IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD A. GERUE,

                Plaintiff,

v.                                                        OPINION and ORDER

SANDRA TORGERSON, CHARLES JACOBSON, and       20-cv-852-jdp
LISA PISNEY,

                Defendants.

---

Pro se plaintiff Chad A. Gerue is currently incarcerated at New Lisbon Correctional Institution. Gerue is proceeding on Eighth Amendment and Wisconsin negligence claims based on his allegations that defendants Sandra Torgerson, Charles Jacobson, and Lisa Pisney, Vernon County Jail staff members, failed to properly treat his Lyme disease.

Before the court is defendants Torgerson's and Pisney's motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies, Dkt. 27, which defendant Jacobson joined, Dkt. 42. The motion is unopposed. Because Gerue has not responded to defendants' factual assertions in support of their motion for summary judgment, I will accept these facts as undisputed. Fed. R. Civ. P. 56(e)(2). I conclude that Gerue has failed to exhaust his administrative remedies, so the case must be dismissed without prejudice.[1]

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[1] Gerue moved to amend his complaint to identify Lisa Pisney as a Doe defendant. Dkt. 21. I will grant that motion. Gerue also moved for appointment of counsel, Dkt. 22. I will deny that motion as moot.

42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of a prisoner's case. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

To exhaust administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This means that a prisoner must properly take each step within the administrative process and adhere precisely to the rules. *Id.* at 1024; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005).

According to defendants' undisputed facts, Vernon County Jail's grievance process is as follows. Before an inmate files a grievance, he must submit an inmate request form and receive a reply from the jail. An inmate may then submit a grievance through an electronic tablet. A jail segreant will review the request and respond to the inmate in writing with "findings." If the inmate is not satisfied, he may appeal to the jail administrator. The jail administrator will respond to the inmate in writing with findings. If the inmate is not satisfied with the response, the inmate may appeal to the chief deputy. If the inmate is not satisfied with the chief deputy's findings, he may submit a final appeal to the sheriff. A grievance must be submitted within seven days of the event that is the subject of the grievance, and an appeal must be submitted within seven days of receiving findings.

Gerue filed two grievances related to his medical care while he was incarcerated at Vernon County Jail. First, Gerue filed a grievance on April 11, 2020, stating that he was being denied proper dental and medical care. Dkt. 30-14. Gerue did not submit an inmate request form before filing the grievance. A jail sergeant responded to the grievance, but Gerue did not appeal the response. Second, on May 19, 2020, Gerue filed a grievance stating that he spoke

2

to a Department of Corrections representative and was informed that jail staff members were covering up their failure to treat his pain, and that he feared that guards wanted to harm him. Dkt. 30-17. Gerue did not submit an inmate request before filing the grievance. A jail sergeant responded to Gerue, directing him to complete a Wisconsin Department of Corrections form and asking Gerue why he felt threatened by jail staff. There is no evidence that Gerue completed the Department of Corrections form, and Gerue did not appeal the response. Gerue failed to exhaust his administrative remedies because he did not take each step in the grievance process or precisely follow the rules.

Gerue did not respond to defendants Pisney's and Torgerson's motion for summary judgment for failure to exhaust even though I gave him two extensions of time to do so. Dkt. 34 and Dkt. 39. Gerue had another opportunity to respond to the exhaustion motion when defendant Jacobson joined the motion, but Gerue did not respond then, either. Defendants have met their burden of demonstrating Gerue's failure to exhaust, so I will grant the summary judgment motion and dismiss Gerue's Eighth Amendment and negligence claims. That dismissal will be without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to amend the complaint, Dkt. 21, is GRANTED.

2. Defendants' motion for summary judgment for failure to exhaust plaintiff's administrative remedies, Dkt. 27 and Dkt. 42, is GRANTED.

3. Plaintiff's motion for appointment of counsel, Dkt. 22, is DENIED as moot.

3

4. The case is DISMISSED without prejudice.

Entered January 24, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge